FILED

MAY 2 0 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY W. PARKER,<br><br>                                                    Plaintiff,<br>vs.<br><br>BETTY W. CLINGERMAN,<br><br>                                                    Defendant. | CASE NO. 11-CV-0328 BEN (RBB)<br><br>ORDER DENYING MOTION TO<br>REMAND AND DENYING<br>RECONSIDERATION<br><br>[Docket No. 13] |

On May 18, 2011, Plaintiff filed a Motion to Remand that is currently pending before the Court. This Court, however, has already analyzed the remand issue and has already denied Plaintiff the remand that he requests. (See Docket No. 11.) Therefore, the Court construes Plaintiff's motion as a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. For the reasons set forth below, reconsideration is DENIED.

## BACKGROUND

This action appears to arise from Plaintiff's contract with the USAF/AFMC, Aeronautical Systems Center. (Compl., Ex. E.) According to the Complaint, Betty Clingerman signed the contract on behalf of the United States, as the "contracting officer." *Id.* Plaintiff alleges Ms. Clingerman represented that she had authority to enter into the contract when, in fact, she did not. (Compl., ¶¶ 3-4.)

///

1   Plaintiff initiated this action in San Diego Superior Court. On February 17, 2011, the United

2   States filed a Notice of Substitution, substituting itself as Defendant in place of Betty W. Clingerman.

3   (Docket No. 5.) The United States also filed a Notice of Removal, thereby removing the action to this

4   Court. (Docket No. 1.)

5   On February 28, 2011, Plaintiff filed a motion to remand, which the Court denied on May 2,

6   2011. (Docket No. 11.) On May 18, 2011, Plaintiff filed a second motion to remand ("Motion"),

7   which is currently pending before the Court. (Docket No. 13.) Plaintiff is bound by the Court's prior

8   order of May 2, 2011. However, the Court is required to liberally construe Plaintiff's pleadings, as

9   Plaintiff is a pro se party. *See, e.g., Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Therefore,

10   the Court construes Plaintiff's Motion as a motion for reconsideration and analyzes it accordingly.

11   **DISCUSSION**

12   "Reconsideration is appropriate if the district court (1) is presented with newly discovered

13   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

14   intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d

15   1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D.

16   645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)); *see also Carroll v.*

17   *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

18   Here, in its May 2, 2011 order, the Court found that the case was properly removed under 28

19   U.S.C. §§ 1442(a) and 2679(d), based on Defendant United States' Certification of Scope of

20   Employment. (See Docket Nos. 1, 5, 11.) Under the Westfall Act, the United States Attorney General

21   has discretion to certify that an individual was acting within the scope of his or her federal employment

22   at the time of the alleged incident. 28 U.S.C. § 2679(d). Upon such certification, the action becomes

23   one against the United States, and the Government is substituted as the party defendant in place of the

24   individual employee. *Id.* Once the determination is made and the case is removed, this Court has no

25   choice but to retain jurisdiction. *Id.*

26   Nothing in the record or in Plaintiff's current motion for remand shows that the Court's

27   conclusion was clear error or manifestly unjust. Additionally, there is no indication on the record or

28   elsewhere of newly discovered evidence or an intervening change in controlling law that shows

1  reconsideration is appropriate. Accordingly, the Court denies reconsideration of its May 2, 2011 order.

2                                                **CONCLUSION**

3           For the reasons set forth above, Plaintiff's Motion (Docket No. 13) is DENIED.  Plaintiff is

4  advised that the hearing scheduled for June 27, 2011 on Defendant's motion to dismiss or for summary

5  judgment remains on the calendar, unless otherwise notified by the Court.   Any responses to

6  Defendant's motion must comply with Local Civil Rule 7.1 of this Court.

7  **IT IS SO ORDERED**.

8  Date: May 19, 2011

9                                                Hon. Roger T. Benitez
                                                 United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv0328