1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

'11 AUG -3 AM 9: 17

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GUY W. PARKER,

Plaintiff,

vs.

BETTY W. CLINGERMAN,

Defendant.

CASE NO. 11-cv-00328 BEN (RBB)

**ORDER:**

**(1) GRANTING MOTION TO DISMISS**

**(2) DIRECTING ENTRY OF JUDGMENT**

[Docket No. 12]

Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Docket No. 12.) For the reasons set forth below, the Motion to Dismiss is **GRANTED**. The complaint is **DISMISSED** without leave to amend.

## BACKGROUND

This action arises from *pro se* Plaintiff Guy W. Parker's contract with the USAF/AFMC, Aeronautical Systems Center. (Notice of Removal, Exh. A [Compl., Exh. E].) According to the Complaint, Defendant Betty Clingerman signed the contract on behalf of the United States, as the "contracting officer." (*Id.*) Plaintiff alleges that Ms. Clingerman "practiced without a valid Aeronautical System Center SF1402 License in individual capacity, not under the direction of an U.S. officer, and not as a qualified Contract Officer." (*Id.*, Exh. A [Compl. ¶ 4].) Plaintiff alleges that Ms. Clingerman "committed fraud and deceit upon federal courts and this contractor [Plaintiff]" by falsely representing that she had authority to act as a contracting officer. (*Id.*, Exh. A [Compl. ¶ 3].)

1    Plaintiff initiated this action in San Diego County Superior Court.  The complaint listed five

2    causes of action: (1) constructive fraud under California Civil Code § 1573(1) & (2); (2) deceit under

3    California Civil Code § 1709; (3) deceit under California Civil Code § 1710(2) & (3); (4)

4    "declaratory/injunctive" under California Code of Civil Procedure § 1060; and (5) "public interest

5    case" under California Code of Civil Procedure § 1021.5. (*Id.*, Exh. A [Compl., at 1].) The United

6    States removed the action.  (Docket No. 1.)  On February 17, 2011, the United States filed a Notice

7    of Substitution, substituting itself as Defendant in place of Clingerman.  (Docket No. 5.)

8    Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for

9    Summary Judgment.  Being fully briefed, the Court finds the Motion suitable for determination on the

10   papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

**DISCUSSION**

12   **I.    MOTION TO DISMISS**

13   Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual

14   allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P.

15   12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).  Under this standard, dismissal

16   is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that

17   discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal

18   theory under which relief may be granted.  *Id.* at 556.

19   "The United States, as sovereign, is immune from suit save as it consents to be sued." *United*

20   *States v. Sherwood*, 312 U.S. 584, 586 (1941).  The Federal Tort Claims Act ("FTCA") constitutes a

21   partial waiver of sovereign immunity for some tort claims against the United States when such suits

22   are brought in compliance with the FTCA.  *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir.

23   1982).  However, the FTCA bars causes of action for fraud and deceit. *See* 28 U.S.C. § 2680(h)

24   (listing misrepresentation, deceit, and interference with contract rights as exceptions to the limited

25   waiver of sovereign immunity); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir.

26   1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are

27   absolutely barred by 28 U.S.C. § 2680(h).").

28   In the present case, Plaintiff alleges that Ms. Clingerman, a federal employee, "practiced

- 2 -

11cv00328

1   without a valid Aeronautical System Center SF1402 License in individual capacity, not under the

2   direction of an U.S. officer, and not as a qualified Contract Officer." (Notice of Removal, Exh. A

3   [Compl. ¶ 4].) Plaintiff alleges that Ms. Clingerman "committed fraud and deceit upon federal courts

4   and this contractor [Plaintiff]" by falsely representing that she had authority to act as a contracting

5   officer. (*Id.*, Exh. A [Compl. ¶ 3].) Plaintiff's five causes of action—constructive fraud, deceit, deceit,

6   declaratory/injunctive, and public interest case—are all interrelated, as they all involve allegations that

7   Ms. Clingerman engaged in deception. Accordingly, they are all barred by the FTCA exceptions listed

8   in 29 U.S.C. § 2680(h).

9       In opposition to the Motion, Plaintiff submitted a Notice of Response to Docket Document

10  D12. First, Plaintiff argues that "Constitution and statuatory [sic] fraud/deciet [sic] are not torts. No

11  tort case filed, FTCA law and case law are moot." (Pl. Opp. at 10.) On the contrary, fraud and deceit

12  are torts, and the FTCA bars such claims against federal employees, as explained above. *See* 28 U.S.C.

13  § 2680(h) (listing misrepresentation, deceit, and interference with contract rights as exceptions to the

14  limited waiver of sovereign immunity); *Field*, 637 F.2d at 697 ("[C]laims against the United States

15  for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).").

16      Second, Plaintiff argues that "28 U.S.C. § 2679(b)(2)(A)(B) provides waiver." (Pl. Opp. at 10.)

17  Section 2679(b)(2) provides that Section 2679(b)(1)[1] does not apply to a civil action brought against

18  an employee of the Government "(A) which is brought for a violation of the Constitution of the United

19  States, or (B) which is brought for a violation of a statute of the United States under which such action

20  against an individual is otherwise authorized." This provision is not applicable here, however, as

21  Plaintiff's causes of action all arise under California state law, and Plaintiff does not point to any

22  statute that would authorize this action.

23      Third, Plaintiff argues that Defendant's Motion did not comply with local rules because

24

25  [1] Section 2679(b)(1) provides: "The remedy against the United States provided by sections
26  1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or
    resulting from the negligent or wrongful act or omission of any employee of the Government while
    acting within the scope of his office or employment is exclusive of any other civil action or
27  proceeding for money damages by reason of the same subject matter against the employee whose
    act or omission gave rise to the claim or against the estate of such employee. Any other civil action
28  or proceeding for money damages arising out of or relating to the same subject matter against the
    employee or the employee's estate is precluded without regard to when the act or omission
    occurred."

1    "[t]here is no D12 Motion filed for response." (Pl. Opp. at 2.)  On the contrary, Defendant properly

2    submitted a Notice of Motion as well as a Memorandum of Points and Authorities in Support of the

3    Motion in accordance with Local Rule 7.1.f.1.

4           Fourth, Plaintiff argues that Ms. Clingerman did not have authority to enter into the contract

5    at issue and did not "readily provide SF 1402 License information to the public on request." (*Id.* at

6    5.)  These arguments relating to the merits of this action are irrelevant here, as the dispositive issue is

7    whether Plaintiff's claims are barred by the FTCA.

8           Fifth, Plaintiff argues that "5 U.S.C. §§ 701–706 agency final action order review is required."

9    (*Id.* at 3.)  Section 702 provides, "A person suffering legal wrong because of agency action, or

10   adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled

11   to judicial review thereof."  Section 702, however, does not apply when a statute—such as the FTCA

12   here—precludes judicial review.  *See* 5 U.S.C. § 701(a)(1).

13          Sixth, Plaintiff argues that this action was improperly removed from state court.  Whether this

14   action was properly removed from state court has already been addressed in both the Order Denying

15   Motion to Remand and Denying Motion to Remove United States as Defendant (Docket No. 11), and

16   the Order Denying Motion to Remand and Denying Reconsideration (Docket No. 14).  Removal of

17   this action was proper.

18          Seventh, Plaintiff argues that the "ASBCA [Armed Services Board of Contract Appeals] lacked

19   declaratory judgment and jurisdiction." (Pl. Opp. at 10.)  This argument appears to reference Plaintiff's

20   three previous attempts to litigate claims relating to the loss of his contract with the United States Air

21   Force before the ASBCA.  *See Appeal of Guy W. Parker*, ASBCA No. 56928, 10-2 BCA ¶ 34508;

22   *Appeal of Guy W. Parker*, ASBCA No. 56928, 10-1 BCA ¶ 34416; *Appeal of Guy W. Parker*, ASBCA

23   No. 56742, 09-2 BCA ¶ 34260.  Whether the ASBCA had jurisdiction over Plaintiff's claims,

24   however, is irrelevant to the present Motion.

25          Eighth, Plaintiff argues that collateral estoppel does not bar Plaintiff's claims.  Whether

26   collateral estoppel bars Plaintiff's claims need not be addressed here, however, as the Court decides

27   the Motion on different grounds.

28          Accordingly, the Court finds that Plaintiff's claims are barred by the FTCA.  Defendant's

     Motion to Dismiss is **GRANTED**.  As this issue is dispositive, Defendant's other arguments will not

11cv00328

1  be addressed.  In addition, because the Motion to Dismiss is granted, Defendant's Alternative Motion
2  for Summary Judgment will not be addressed.

3  **II.   LEAVE TO AMEND**

4  When deciding whether to grant a plaintiff leave to amend, a court considers "bad faith, undue
5  delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously
6  amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment
7  can, by itself, justify the denial of a motion for leave to amend." *Id.*

8  Here, Plaintiff's claims are clearly barred by the FTCA.  In addition, Plaintiff has
9  unsuccessfully litigated claims relating to the loss of his contract with the United States Air Force
10  several times before.  *See Parker v. Donley*, 379 Fed. App'x 980 (Fed. Cir. 2010); *Parker v.*
11  *Clingerman*, 2009 WL 1076820 (S.D. Cal. Apr. 21, 2009); *Appeal of Guy W. Parker*, ASBCA No.
12  56928, 10-2 BCA ¶ 34508; *Appeal of Guy W. Parker*, ASBCA No. 56928, 10-1 BCA ¶ 34416; *Appeal*
13  *of Guy W. Parker*, ASBCA No. 56742, 09-2 BCA ¶ 34260.  Accordingly, the Court finds that granting
14  Plaintiff leave to amend would be futile.

15  **CONCLUSION**

16  For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. This action
17  is **DISMISSED** with prejudice.  It is further ordered that the Clerk of the Court is directed to enter
18  judgment in accordance with this Order.

19

20  **IT IS SO ORDERED.**

21

22  DATED: August 2, 2011

23                                    HON. ROGER T. BENITEZ
                                      United States District Court Judge
24
25
26
27
28

11cv00328